UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE ELENA DISTRICT COURT IN ELENA, REPUBLIC OF BULGARIA IN THE MATTER OF DIMITAR HRISTOV DIMITROV V. VASILKA PENCHEVA HRISTOVA | Case No. 25-mc-80151-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

The United States, on behalf of the the Elena District Court in Elena, Republic of Bulgaria ("the Bulgarian court"), has filed an application pursuant to 28 U.S.C. § 1782 for appointment of Assistant United States Attorney Douglas Johns as Commissioner in order to obtain information from Google LLC ("Google") in connection with a judicial proceeding pending before the Bulgarian court. Dkt. No. 1 at 1.

The Court grants the application subject to the requirements set forth below.

**I.    BACKGROUND**

According to the application, the Bulgarian court requests the United States' assistance in obtaining documents in a civil case captioned *Dimitar Hristov Dimitrov v. Vasilka Pencheva Hristova*, Civil Case No. 432/2023, Foreign Ref. No. 189-61-25-1. Dkt. No. 1 at 1; Dkt. No. 1-2, Ex. 1 at 1. The United States asks the Court to appoint AUSA Douglas Johns as Commissioner to serve a subpoena for the evidence sought by the Bulgarian court, obtain evidence in response to the subpoena, and "to take such other action as is required to execute the request made by the Bulgarian court." Dkt. No. 1 at 1.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte*

basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. 10-mc-80225 CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1019-20 (9th Cir. 1994).

### III.   DISCUSSION

#### A.   Statutory Requirements

The United States' application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this District. Second, the United States requests this discovery for use in a civil action pending before a court in Bulgaria.[1] Third, the United States makes the application on behalf of the Bulgarian court, the foreign tribunal before which the civil action is pending.

#### B.   *Intel* Factors

Even if the Court has the authority to grant the application, the Court is not required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

---

[1] There is no indication on the record presented that the proceeding for which the discovery is sought has been concluded. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 925-26 (9th Cir. 2019).

3

### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google is not a party to the civil action before the Bulgarian court, and the documents sought by subpoena are located in the United States. Dkt. No. 1-1 at 8; Dkt. No. 1-2, Ex. 1 at 2-3 (describing information sought from Google); Dkt. No. 1-2, Ex. 2. The Court infers that the Bulgarian court would not seek the assistance of the United States in obtaining these documents if the documents were within the reach of the Bulgarian court's jurisdiction. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. This factor weighs in favor of authorizing service of the subpoena.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.

Here, the Bulgarian court has requested the Court's assistance in obtaining this discovery. *See* Dkt. No. 1-1 at 8-9; Dkt. No. 1-2, Ex. 1. This factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether the request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.

Here, the Court assumes that the Bulgarian court would not request this discovery if it

4

were contrary to the proof-gathering restrictions or other policies of Bulgaria to do so. *See* Dkt. No. 1-1 at 9. This factor weighs in favor of authorizing service of the subpoena.

### 4.   Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

The proposed subpoena to Google includes several requests for identification information associated with two names and the profiles and mailboxes associated with those names. Dkt. No. 1-2, Ex. 2. In addition, the proposed subpoena seeks log files "documenting logins and actions" for up to four distinct profiles or accounts during a narrow six-day window. *Id.* The does not seek the contents of any communications. *See id.*; Dkt. No. 1-1 at 3 n.2. The United States represents that Google has agreed to accept service of the subpoena. Dkt. No. 1-1 at 3.

The Court has no reason to expect that the subpoena seeks discovery that would be "unduly intrusive or burdensome" for Google or for any other person who might have an interest in the records. This factor weighs in favor of authorizing service of the subpoena, with appropriate notice to other interested parties.

## IV.   CONCLUSION

The United States' application on behalf of the Bulgarian court meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the proposed subpoena.

Accordingly, the Court authorizes service of the proposed subpoena (Dkt. No. 1-2, Ex. 2) on Google. This order does not foreclose a motion to quash or to further modify the subpoena by Google following service, or any other interested party. The Court orders as follows:

1. The Court appoints AUSA Douglas Johns as Commissioner authorized to serve Google with a subpoena in accordance with the terms and conditions contained in this Order and to receive documents produced in response to the subpoena.

2. The Commissioner shall serve a subpoena upon Google in substantially the same form as the proposed subpoena attached as Exhibit 2 to the Declaration of Douglas Johns, filed

5

concurrently with the Application. The subpoena shall be served by email on Google at google-legal-support@google.com. The return date on the subpoena must be at least 30 calendar days from the date of service.

3. At the time of service of the subpoena, the United States must also serve a copy of this order and a copy of the Application documents on Google.

4. Google may provide a copy of the subpoena to the relevant account or profile owner(s) and advise them that Google will provide the information responsive to the subpoena, to the extent any such information exists, unless they file with this Court, within 30 calendar days from the date they receive the subpoena, a motion to quash.

5. Within 30 calendar days from receipt of the subpoena, provided that no motion to quash is filed in response to the notice provided as set forth in paragraph 2 of this Order, Google shall provide the requested information, along with a notarized verification signed under penalty of perjury, to the Commissioner by email at Douglas.Johns@usdoj.gov and to the following physical address:

> Douglas E. Johns, Esq.
> Assistant U.S. Attorney
> U.S. Attorney's Office for the Northern District of California
> 60 South Market Street
> Suite 1200
> San Jose, California 95113

6. Nothing in this order shall require Google to disclose information that is inconsistent with its obligations under the federal Stored Communications Act, 18 U.S.C. §§ 2701-2711.

7. This Order does not preclude the United States from filing an amended application for a further order authorizing an amended subpoena requesting additional information from Google in the event the Bulgarian court requests additional information from Google after reviewing Google's response to the subpoena authorized by this order.

8. This Order does not preclude Google from filing a motion to quash or modify the subpoena. Any such motion must comply with and will be governed by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: July 3, 2025

Virginia K. DeMarchi
United States Magistrate Judge